The Honorable Tom Cooper Prosecuting Attorney Judicial District Nine West Little River County Courthouse P.O. Box 214 Ashdown, Arkansas 71822
Dear Mr. Cooper:
This is in response to your request for an opinion on whether the "board of directors of a school district can meet in executive session for the purpose of discussing the educational records of a graduate of the high school."
Although you have not included any facts with your request, it is my opinion, assuming the student in question is actually a "graduate" of the school, that the answer to your question is "no." Such a meeting must, under state law, be held, if at all, in an open session.
With regard to such meetings the Arkansas "Freedom of Information Act" ("FOIA") provides in pertinent part as follows:
 (a) Except as otherwise specifically provided by law, all meetings, formal or informal, special or regular, of the governing bodies of all municipalities, counties, townships, and school districts . . . shall be public meetings.
* * *
 (c) Executive sessions will be permitted only for the purpose of considering employment, appointment, promotion, demotion, disciplining, or resignation of any public officer or employee.
A.C.A. § 25-19-106.
The act requires meetings of school district boards of directors to be open to the public except in the instances noted. Executive sessions can only be held to consider certain employment matters, and any other matters "otherwise specifically provided by law." The only relevant statute outside the FOIA pertinent to executive sessions of school boards is A.C.A. § 6-18-507, (as amended by Act 742 of 1997). It provides that the parent or guardian of a student may request an executive session of the board for the purpose of hearing certain appeals of suspension or expulsion decisions. I assume, because your question refers to a "graduate" of the high school, that an appeal of a suspension or expulsion decision is not at issue.
Additionally, even if the records to be discussed in the contemplated executive session would qualify for exemption from disclosure under the FOIA (which exempts "scholastic records"), this does not mean that the board may meet in executive session to discuss them. See generally, Op. Att'y Gen. 89-229 and J. Watkins, The Arkansas Freedom of InformationAct (2d Ed. 1994) at 262.
In response to your question therefore, if the executive session is contemplated to discuss neither an employment matter listed in A.C.A. § 25-19-106(c), nor to hear the appeal of a suspension or expulsion decision, it would be contrary to the Arkansas Freedom of Information Act. See Ops. Att'y Gen. 96-009 and 87-478.
One final point should be mentioned, however. A provision of federal law may be implicated by your question, but in my opinion does not control the answer thereto. The federal "Buckley Amendment," a part of the "Family Educational and Rights of Privacy Act of 1974" (20 U.S.C. § 1232g
(Supp 1997) ("FERPA"), denies federal funding to any educational agency which "has a policy or practice of permitting the release of education records (or personally identifiable information contained therein . . .) of students without the written consent of their parents. . . ." There are certain exceptions, which I assume are not relevant to your question. As noted, the sanction for a violation of this federal act is the possibility of federal funds being withheld.[1] Because the federal act does not expressly prohibit the release of the records or information, but only withholds federal funds from agencies violating the act, it has been stated that the federal act "neither qualifies as an exemption under [the FOIA] nor supersedes the act under the supremacy clause." J. Watkins, The Arkansas Freedom of Information Act 152 (2d ed. 1994). See also Op. Att'y Gen. 96-044 (opining that student directory information must be released pursuant to the FOIA irrespective of the Buckley Amendment, and noting that the matter must be resolved by the General Assembly). This construction is supported by the case of TrouttBrothers, Inc. v. Emison, 311 Ark. 27, 841 S.W.2d 604 (1992) (holding that similar federal statutes pertaining to the release of juvenile records and denying federal funds as a sanction do not exempt records from the FOIA, and leaving the problem to the legislature for resolution). As noted by Professor Watkins, public educational institutions in Arkansas may find themselves in a "difficult position" and "between the proverbial rock and a hard place" with respect to the differences in state and federal law on this point. Their choices are either: "(1) comply with the FOIA and face the loss of millions of dollars in federal funding . . . or (2) comply with the FERPA and risk the imposition of criminal sanctions under the FOIA as well as potentially costly civil litigation." The Arkansas Freedom of InformationAct, supra at 152.
In my opinion, this federal legislation does not operate to authorize an executive session under the circumstances you mention. I am cognizant of the difficult position this creates for local school districts. I am constrained, however, to merely note again in this regard, as has the Arkansas Supreme Court, that this "difficult position" is a matter for the legislature's attention.
The foregoing opinion, which I hereby approve, was prepared by Deputy Attorney General Elana C. Wills.
Sincerely,
WINSTON BRYANT Attorney General
WB:ECW/cyh
[1] It is a little unclear whether the "Buckley Amendment" prohibits the discussion of educational records in a meeting of a school board or other educational governing body, as opposed to just prohibiting the release of the actual records in question. Some courts, however, have apparently assumed that it also covers the "release" of personally identifiable information in the meeting or open discussion context. See,e.g., Student Bar Association v. University of North Carolina at ChapelHill, 293 N.C. 594, 239 S.E.2d 415 (1977) (noting that the possibility of losing federal funds under the Buckley Amendment was an additional reason to construe the state's open meeting law with "care" with reference to whether it requires open meetings of faculty); Webster Groves SchoolDistr. v. Pulitzer Publishing Co., 898 F.2d 1371 (8th Cir. 1990) (indicating the need to shield courtroom discussions of such records). In any event, in order for there to be a violation of the federal law, the educational agency must have a "policy or practice" of permitting the release of personally identifiable information.